UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

BARBARA J. CURTIS                                    CIVIL ACTION NO. 06-2262

VS.                                                           JUDGE MELANÇON

COMMISSIONER SOCIAL SECURITY                  MAGISTRATE JUDGE METHVIN
   ADMINISTRATION

### REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's finding of non-disability.

Considering the administrative record, the briefs of the parties, and the applicable law, it is

recommended that the Commissioner's decision be **AFFIRMED**.

### Administrative Record

Born on September 12, 1960, Barbara Curtis ("Curtis") is currently 47 years old.  Curtis

has a high school education and worked in the past as a fast food worker.

On December 31, 1998, Curtis was found to be disabled and entitled to SSI benefits with

an onset date of June 11, 1997 because her impairments met or equaled Listing 5.05 (chronic

liver disease).[1]  Subsequently, Curtis's case was reviewed for the purpose of determining

whether her disability continued.  On May 13, 2004, a Notice of Disability Cessation letter was

sent to Curtis advising that her disability benefits would be terminated as of July, 2004 due to

medical improvement of her original impairments and her ability to return to work.[2]  Curtis

requested reconsideration and on August 11, 2005, a hearing was held before an Administrative

---

[1] Tr. 36-40.

[2] Tr. 73-75.

2

Law Judge.[3]  At the hearing, Curtis, George Smith, a medical expert, and Lionel Bordelon, a vocational expert, testified.

On December 7, 2005, the ALJ sent a letter to Curtis and her representative enclosing interrogatories that she was going to send to Mr. Bordelon, the vocational expert.[4]  On January 10, 2006, the ALJ provided Curtis's representative with copies of the expert's responses to the interrogatories and advised that the ALJ was proposing to enter the documents in the record as exhibits.[5]  On January 18, 2006, Curtis's representative sent a letter to the ALJ acknowledging receipt of the evidence from the vocational expert.[6]

On March 7, 2006, the ALJ issued a decision finding that as of May 1, 2004, Curtis was no longer disabled because her condition had medically improved to the extent that she could perform jobs that exist in significant numbers in the economy.[7]   The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner from which Curtis now appeals.

### *Issues Presented*

Curtis asserts the following errors: 1) the ALJ violated HALLEX,[8] I-2-730 regarding her right to cross-examine witnesses who provide post-hearing evidence; 2) the ALJ failed to

---

[3] Tr. 451-186.

[4] Tr. 132-133.

[5] Tr. 137, 269-270.

[6] Tr. 138-139.

[7] Tr. 18-23.

[8]  The *Hearings, Appeals and Litigation Law Manual* ("HALLEX").

properly introduce the vocational expert's post-hearing testimony into the record; and 3) the ALJ misapplied the Medical Vocational Guidelines.

### *Standard of Review*

This court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards.  <u>Anthony v. Sullivan</u>, 954 F.2d 289, 292 (5th Cir.1992); <u>Greenspan v. Shalala</u>, 38 F.3d 232, 236 (5th Cir. 1994).  Substantial evidence is "...more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does not support the Commissioner's conclusion.  <u>Johnson v. Bowen</u>, 864 F.2d 340, 343 (5th Cir.1988).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.  <u>Id.</u>

### *Findings and Conclusions*

**Errors 1 & 2:**     **<u>Violation of HALLEX and re-opening the Record</u>**

Curtis argues that the ALJ violated HALLEX, I-2-730 by not advising her that she could cross-examine the vocational expert or request a supplemental hearing once the expert's post-hearing evidence was submitted.  Curtis also maintains that the ALJ closed the record after the hearing on August 11, 2005 and did not re-open the record to admit the vocational expert's post-hearing evidence into the record.

4

On December 7, 2005, the ALJ sent a letter to Curtis and her representative enclosing interrogatories that she was going to send to Mr. Bordelon, the vocational expert.[9]  The letter notified Curtis that she could object to any of the interrogatories, propose other interrogatories, or object to the ALJ obtaining the additional information.  The letter also advised that once the answers to the interrogatories were received, Curtis could comment on them, submit additional evidence, request additional interrogatories, or request a supplemental hearing.  The ALJ submitted the interrogatories to the vocational expert.

On January 10, 2006, the ALJ sent a letter to Curtis's representative providing copies of the expert's responses to the interrogatories and advising that the ALJ was proposing to enter the documents in the record as exhibits.[10]  The letter also notified Curtis that she could reply, object, and provide additional evidence.  On January 18, 2006, Curtis's representative sent a letter to the ALJ acknowledging receipt of the evidence from the vocational expert, but Curtis did not object to, dispute, or otherwise address that evidence.[11]

Under HALLEX, the ALJ may obtain post-hearing evidence and enter it into the record.  The procedures for doing so include sending the claimant a proffer letter which gives her time to object, comment, refute, submit written questions, request a supplemental hearing, and request subpoenas.  *See* HALLEX, I-2-730.[12]  Once the proffer letter has been sent and the plaintiff has

---

[9] Tr. 132-133.

[10] Tr. 137, 269-270.

[11] Tr. 138-139.

[12] Likewise, due process guarantees that a disability claimant have the opportunity to question report drafters.  <u>Lidy v. Sullivan</u>, 911 F.2d 1075, 1077 (5th Cir.1990), *quoting* <u>Coffin v. Sullivan</u>, 895 F.2d 1206, 1212 (8th Cir.1990) ("Due process requires that a claimant be given the opportunity to cross-examine and subpoena the individuals who submit reports").

5

been given an opportunity to respond to the new evidence, the ALJ may enter the documents as

exhibits into the record.  *See* HALLEX, I-2-7-35.  There is no requirement that the ALJ hold a

supplemental hearing or "re-open" the record in order to admit the proffered documents as

exhibit in the record.

　　　　The Fifth Circuit has concluded that violations of HALLEX can be grounds for granting

relief, when prejudice is shown:

> While HALLEX does not carry the authority of law, this court has held that
> "where the rights of individuals are affected, an agency must follow its own
> procedures, even where the internal procedures are more rigorous than otherwise
> would be required."  *See Hall v. Schweiker,* 660 F.2d 116, 119 (5ᵗʰ Cir.1981).  If
> prejudice results from a violation, the result cannot stand.  *Id.*

Newton v. Apfel, 209 F.3d 448, 459 (5ᵗʰ Cir. 2000).

　　　　However, procedural perfection in administrative proceedings is not required, however,

and a judgment will not be reversed unless substantial rights have been affected.   A violation of

both HALLEX and due process requires proof of prejudice.  Anderson v. Sullivan, 887 F.2d

630, 634 (5ᵗʰ Cir.1989); Morris v. Bowen, 864 F.2d 333,335 (5ᵗʰ Cir.1988); Mays v. Bowen, 837

F.2d 1362, 1364 (5ᵗʰ Cir. 1988); Ka Fung Chan v. INS, 634 F.2d 248, 258 (5ᵗʰ Cir.1981) (must

show substantial prejudice in order to prove denial of due process in an administrative

proceeding ).

　　　　Here, the record shows that Curtis was advised of her right to act on the vocational

expert's responses to the interrogatories – the ALJ specifically notified Curtis that she could

request a supplemental hearing, object to the responses, request additional information, and

otherwise attack the post-hearing evidence.  The fact that this notification spanned two letters is

immaterial since it is clear that the ALJ provided Curtis with the required notification

6

concerning her right to respond to the post-hearing evidence.  Although the letters did not

reference Curtis's right to subpoena witnesses, Curtis had previously been advised that she had

the right to request subpoenas, and the fact that she had been advised that she could request a

supplemental hearing regarding the post-hearing evidence encompassed the right to have the

expert at the hearing.[13]  Additionally, Curtis was provided with, and did, respond to the ALJ's

proffer letters.  Curtis, however, did not object to the evidence or request a hearing.  Thus,

Curtis was provided with ample notification and opportunity to address the post-hearing

evidence, and the ALJ properly admitted the evidence as an exhibit.[14]

Moreover, even if HALLEX was violated, Curtis has not established that she was

prejudiced.  Curtis has not shown that had she received even more notice regarding her rights,

she would have exercised them.  More importantly, Curtis has not attacked the substance of

post-hearing evidence or otherwise shown that the evidence was faulty.  Curtis has not shown

that she could have successfully challenged the evidence and altered the ALJ's decision.  Absent

prejudice, Curtis's alleged errors fail.

**Error 3:**　　　**Reliance on the Guidelines**

Curtis maintains that the ALJ erred in relying on the Medical Vocational Guidelines

Rule 202.22 because the vocational expert testimony did not establish that Curtis had acquired

transferable skills.

---

[13] Tr. 111.

[14] The undersigned notes that Curtis provided post-hearing evidence to the ALJ and asked that it be included as an exhibit.  Tr. 407.

7

The guidelines were established to allow the ALJ take administrative notice of the existence of jobs in the national economy when a claimant's residual functional capacity, age, education and previous work experience meet certain specified criteria. The guidelines cannot be used, however, when the claimant suffers from non-exertional impairments which significantly affect the claimant's residual functional capacity.  Martin v. Heckler, 748 F.2d 1027 (5th Cir.1984).  In instances in which the guidelines merely serve as a framework, i.e., when the claimant has significant nonexertional limitations, the ALJ may not simply take administrative notice of jobs existing in the economy but rather must satisfy the burden of proof in some other fashion, usually with the testimony of a vocational expert. *See* Carey v. Apfel, 230 F.3d 131, 147 (5th Cir. 2000)

Here, the ALJ concluded that Curtis could perform light work, with occasional climbing, balancing, kneeling, crouching and crawling, and she should not be exposed to hazards, heights, moving machinery, nor can she have physical contact because of potential free bleeding.[15]  The ALJ then turned to determining whether there are jobs which exist in significant numbers which Curtis can perform:

> As of May 1, 2004, if the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.22.  However, the claimant's ability to perform all or substantially all of the requirements of this level of work had been impeded by additional limitations.  To determine the extent of erosion of the unskilled light occupational base caused by these limitations, the Administrative Law Judge asked the vocational expert whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity as of May 1, 2004.  The vocational expert testified that given all fo these factors the individual would have been able to

---

[15] Tr. 21.

8

perform the requirements of representative occupations such as sales support, file clerk, and measurer checker.[16]

Curtis does not dispute the residual functional capacity assessment, but rather asserts that the ALJ erred because he relied on Rule 202.22 as a framework for his decision that she was not disabled.  Under Rule 202.22, in order to be considered not disabled, there must be a finding that the claimant had transferable skills.  The ALJ did not conclude that she had such skills, but instead noted that transferability of job skills was immaterial to his decision.[17]

Although the ALJ incorrectly cited Rule 202.22, Curtis fails to show how this adversely affected her.  Although Rule 202.22 requires transferable skills, Rule 202.20 and 202.21, which also direct a finding of not disabled, do not require such skills.  Thus, the ALJ could have used Rule 202.20 or 202.21 as a framework and the results would have been the same.  Curtis, therefore, was not prejudiced by the ALJ's citation to the wrong rule.

More importantly, the ALJ did not base her non-disability finding on the Guidelines.  Instead, after citing the Guidelines, the ALJ noted that the Guidelines were inapplicable because of Curtis's non-exertional limitations. The ALJ, therefore,  relied on the testimony of the vocational expert in determining that there were jobs which exist in significant numbers which Curtis can perform.  This is precisely what the ALJ was required to do.  Accordingly, the ALJ did not err in determining that Curtis was not disabled.

---

[16] Tr 23.

[17] Tr. 22.

9

### *Conclusion*

Considering the foregoing, it is recommend that the Commissioner's decision be

**AFFIRMED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have ten (10) business days from receipt of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within ten (10) days after receipt of a copy of any

objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.  See**

**Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on February 27, 2008.

_____

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)